# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **Valtrus Innovations, Ltd. and**<br>**Key Patent Innovations, Ltd.,** | §<br>§<br>§ | |
| **Plaintiffs,** | §<br>§ | |
| **v.** | §<br>§ | **CIVIL ACTION NO. 2:26-CV-00287** |
| **STACK Infrastructure, Inc.,** | §<br>§ | **JURY TRIAL DEMANDED** |
| **Defendant.** | §<br>§<br>§ | |

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiffs Valtrus Innovations Limited ("Valtrus") and Key Patent Innovations Limited ("KPI") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this complaint for patent infringement and damages against Defendant STACK Infrastructure, Inc. ("STACK") and, in support, allege the following:

## PARTIES

1.      Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Valtrus is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland. HPE's worldwide corporate headquarters is located in Houston, Texas. One of HPE's primary U.S. facilities is located in Plano, Texas

2.      KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Asserted Patents. KPI is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3.      On information and belief, STACK is a corporation organized and existing under the laws of the State of Delaware. On information and belief, STACK can be served with process at Corporation Service Company, 251 Little Falls Dr., Wilmington DE 19808.

## ASSERTED PATENTS

4.      Valtrus is the assignee of and owns all right and title to each of the Asserted Patents, which are U.S. Patent Nos. 6,854,287 (the '287 Patent); 6,868,682 (the '682 Patent); and 6,718,277 (the '277 Patent).

5.      The Asserted Patents were developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to data center cooling and analytics for monitoring conditions in data centers.

6.      The '287 Patent, entitled "Cooling System," was duly and lawfully issued on February 15, 2005. A true and correct copy of the '287 Patent is attached hereto as Exhibit 1.

7.      The '287 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '287 Patent, including the right to seek damages, including past damages, for any infringement thereof.

8.      The '682 Patent, entitled "Agent Based Control Method and System for Energy Management," was duly and lawfully issued on March 22, 2005. A true and correct copy of the '682 Patent is attached hereto as Exhibit 2.

2

9.      The '682 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '682 Patent, including the right to seek damages, including past damages, for any infringement thereof.

10.     The '277 Patent, entitled "Atmospheric Control Within a Building," was duly and lawfully issued on April 6, 2004. A true and correct copy of the '277 Patent is attached as Exhibit 3.

11.     The '277 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '277 Patent, including the right to seek damages, including past damages, for any infringement thereof.

## JURISDICTION AND VENUE

12.      This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 100 et seq.

13.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

14.     STACK operates three data centers in this District. STACK operates its DFW01 campus in Plano, which consists of DFW01A, DFW01B, and DFW01C data center facilities.[1]

15.     This Court has general and specific personal jurisdiction over STACK. STACK operates three data centers in this District at its DFW01 campus in Plano. STACK has maintained offices, employees, and business operations in Texas, and has therefore purposefully availed itself of the privileges of conducting business in Texas and has minimum contacts with the State of Texas. The exercise of personal jurisdiction is proper under the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code § 17.042, and consistent with the Due Process Clause. The Court also has specific personal jurisdiction over STACK because, on information and belief, it has performed

---

[1] https://www.stackinfra.com/locations/americas/dallas-fort-worth/dfw01/.

3

methods in its Texas data center facilities that infringed the Asserted Patents, such that Plaintiffs' causes of action arise directly out of its contacts with Texas.

16.    Venue is proper in this District under 28 U.S.C. § 1400(b). STACK has a regular and established place of business in this District at its DFW01 facilities. On information and belief, STACK has committed acts of infringement in this District at these facilities.

## DEFENDANT'S DATA CENTERS AND INFRINGING CONDUCT

17.    STACK owns and operates a number of data centers across the United States. For example, STACK advertises operating 23 data center campuses in the Americas.[2] STACK's data centers implement cooling equipment from various suppliers, and STACK used that equipment to perform methods of cooling that, on information and belief, infringed the Asserted Patents.

18.    In particular, STACK has used cooling equipment from Stulz in its data centers. For example, STACK's online virtual data center tours show Stulz cooling units located inside STACK's data centers:

---

[2]

https://www.stackinfra.com/locations/americas/?_gl=1*1hyqq1v*_up*MQ..*_gs*MQ..&gclid=CjwKCAjwnN3OBhA8EiwAfpTYesw2B_UOlAaSDKuIS4KovRd7IfzLNzh7BfuvlkaxndyZTsVU7-GS6BoCiBoQAvD_BwE&gbraid=0AAAAACVjc4owfS2sqp4uRunlndN-gd6Vx



https://real.vision/chi02-data-center/tour?o=u

19.    STACK also uses Trane cooling equipment in its data centers. For example, STACK has provided information to State government requests describing its use of Trane equipment in its data center facilities:

**Supplemental Response to Data Request 37**

STACK has worked with its design team and potential chiller suppliers to provide annual leakage estimates for purposes of GHG emissions calculation. The table below presents the data on the proposed chiller units and the estimated emissions of R-134a.

| Parameter | Data |
|---|---|
| Refrigerant Used | R-134a |
| # of Chiller Units | 78 |
| R-134a Charge Amount/Unit | 750 lbs |
| Leak Rate | 0.5%/yr |
| R-134a Emissions/Unit | 3.75 lbs/yr |
| R-134a Total Annual Emissions | 292.5 lbs/yr |
| GWP (CARB AR4) | 1430 |
| Total $CO_2e$ | 189.7 Mtons/yr |

GWP Values: https://ww2.arb.ca.gov/ghg-gwps

Leak rate sources:
1. https://www.trane.com/Commercial/Uploads/PDF/11612/Related_Literature/Refrigerant/HVAC_Refrigerants.pdf
2. https://www.trane.com › content › dam › Trane › Commercial › global › products-systems › education-training › industry-articles › ENV-APN001A-EN_2015_refrigerants.pdf

https://share.google/bR2XVSGsSpXviVX8Y

20.     On information and belief, STACK may have used other cooling equipment or software from suppliers beyond those listed above in its data centers to perform methods that infringe the Asserted Patents, including, for example, Vertiv, DataAire, Schneider Electric, Automated Logic, and Nlyte. On information and belief, STACK may also use equipment from additional suppliers that Valtrus is not aware of from public information but that can be identified through discovery.

21.     Valtrus notified STACK of its infringement of its patent portfolio relating to data center technologies and sought to resolve this dispute prior to bringing this case.

22.     On January 13, 2025, Valtrus sent a letter to Tim Kuester, STACK's Chief Legal Officer, informing STACK about its patent portfolio and offering an opportunity to license the patents. The letter attached a representative list of data center-related patents and included claim charts demonstrating infringement of four patents, including the '682 Patent. The letter also noted

that it had incomplete information regarding the products and methods used by STACK in its data centers because those data centers are secure facilities that are not open to the public, and offered to enter into a non-disclosure agreement to confirm the scope and extent of STACK's infringement.

23.     The parties corresponded about a potential license agreement after Valtrus's letter, but were unable to reach a resolution.

24.     Because STACK has refused to Valtrus's efforts to resolve this dispute without litigation, and has not provided any additional information about its cooling equipment used in its data centers, Plaintiffs have been forced to file this case to protect their valuable patent rights.

## FIRST CLAIM

### (Infringement of the '287 Patent)

25.     Valtrus re-alleges and incorporates herein by reference paragraphs 1-24 of the Complaint.

26.     The '287 Patent is generally directed to a system and method for cooling a room configured to house a plurality of computer systems.

27.     STACK infringed the '287 Patent by performing methods of cooling its data centers prior to the expiration of the '287 Patent. As described above, STACK has used cooling equipment from at least Stulz and Trane to cool its data centers, and may have also used other cooling equipment from Vertiv, DataAire, and Schneider Electric in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how STACK used or may have used these products to infringe claim 1 of the '287 Patent are attached as Exhibits 4-7.

## SECOND CLAIM

### (Infringement of the '682 Patent)

28.     Valtrus re-alleges and incorporates herein by reference paragraphs 1-24 of the Complaint.

29.     The '682 Patent is generally directed to a system and method for controlling temperature in a data center based on sensory data.

30.     STACK infringed the '682 Patent by performing methods of cooling its data centers prior to the expiration of the '682 Patent. As described above, STACK has used cooling equipment from at least Stulz and Trane to cool its data centers, and may have also used other cooling equipment from Vertiv, DataAire, and Schneider Electric in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how STACK used or may have used these products to infringe claim 1 of the '682 Patent are attached as Exhibits 8-11.

## THIRD CLAIM

### (Infringement of the '277 Patent)

31.     Valtrus re-alleges and incorporates herein by reference paragraphs 1-24 of the Complaint.

32.     The '277 Patent is generally directed to a system and method for controlling atmospheric conditions within a data center building.

33.     STACK infringed the '277 Patent by performing methods of cooling its data centers prior to the expiration of the '277 Patent. As described above, STACK has used cooling equipment from at least Stulz to cool its data centers, and may have also used other cooling equipment from Schneider Electric, Automated Logic, and Nlyte in a similar manner to perform the claimed methods. An exemplary claim chart reflecting how STACK used or may have used these products to infringe claim 1 of the '277 Patent is attached as Exhibit 12.

## PRAYER FOR RELIEF

WHEREFORE, Valtrus prays for judgment against STACK, as follows:

A.  That STACK has infringed each of the Asserted Patents;

8

B.  That STACK pay Plaintiffs damages adequate to compensate Plaintiffs for its past infringement of each of the Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

C.  That STACK pay prejudgment and post-judgment interest on the damages assessed;

D.  That this is an exceptional case under 35 U.S.C. § 285; and that STACK pay Plaintiffs' attorneys' fees and costs in this action; and

E.  That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Date: April 9, 2026

Respectfully submitted,

*/s/ Eric H. Findlay*

Connor S. Houghton
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
choughton@reichmanjorgensen.com

Patrick Colsher
Sean M. McCarthy
Reichman Jorgensen Lehman & Feldberg LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com
smccarthy@reichmanjorgensen.com

Matthew G. Berkowitz – LEAD ATTORNEY
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com

Eric H. Findlay (TX Bar No. 00789886)
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com

*Attorneys for Plaintiffs*

9